**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**In Admiralty**

**Case No:**

ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, SPINNAKER SPECIALTY INSURANCE COMPANY, TEXAS INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO UMR NO. B0507GO2500002, and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO UMR NO. B0507GI2500588

Plaintiffs,

v.

DESTINY VENTURES LLC and GRASSHOPPER BANK, and FIRST INSURANCE FUNDING

Defendants. /

**COMPLAINT**

Plaintiffs, ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, SPINNAKER SPECIALTY INSURANCE COMPANY, TEXAS INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY, TEXAS INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO UMR NO. B0507G02500002, and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO UMR NO. B0507RN2500588 (collectively, "Insurers"), hereby sue the Defendants, DESTINY VENTURES,

LLC (“Destiny Ventures”), GRASSHOPPER BANK (“Grasshopper”), and FIRST INSURANCE FUNDING (“First Insurance Funding”), and as grounds therefor state as follows:

**Jurisdiction and Venue**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Insurers designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Insurers invoke the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because it has been stipulated as an appropriate venue; the Policy at issue states that disputes shall be heard where the insured or where the insured’s agent resides. Because the insured’s agent resides in the Southern District of Florida, rendering this district is a contractually agreed-upon venue.

4. For the reasons set forth herein there is no coverage for this loss. Procedurally, all conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

**Parties**

6. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7. At all times material to this action, Hadron is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

8. At all times material to this action, Spinnaker is and was a domestic surplus lines insurer organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of New Jersey.

9. At all times material to this action, Palomar is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arizona, with its office and principal place of business located in the State of California.

10. At all times material to this action, Texas Insurance Company is and was a licensed and admitted surplus lines insurer organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of Nebraska.

11. The Certain Underwriters at Lloyd's of London Subscribing to UMR No. B0507G02500002 are made up of two subscribing syndicates: AEGIS Syndicate 1225 and Talbot Syndicate 1183. Each of these syndicates are organized and exist under the laws of the United Kingdom, with offices and principal places of business located in the United Kingdom.

12. The Certain Underwriters at Lloyd's of London Subscribing to UMR No. B0507RN2500588 are made up of three subscribing syndicates: AEGIS Syndicate 1225, HCC Syndicate 4141, and AMLIN Syndicate 2001. Each of these syndicates are organized and exist under the laws of the United Kingdom, with offices and principal places of business located in the United Kingdom.

13. Destiny Ventures, LLC, has been represented to the Insurers to be a limited liability company with its principal place of business in Minnesota.

14. Grasshopper Bank, N.A. ("Grasshopper"), is a nationally chartered bank with its principal place of business in New York.

15. First Insurance Funding ("First Insurance") is a corporation organized under the laws of Delaware with its principal place of business in Illinois.

**Facts Common to All Counts**

16. On November 19, 2025, Destiny Ventures delivered to the Insurers a renewal questionnaire executed on November 19, 2026, by Destiny Ventures's representative Fatouh Jallow, for a commercial yacht insuring agreement ("the Application"). A true and correct copy of the Renewal Questionnaire is attached hereto as **Exhibit A**.

17. The Renewal Questionnaire sought to obtain insurance coverage for Destiny Ventures' vessel, a 2007 78' Ferretti bearing Hull identification: FER78008F707, S/V *"Destiny*, ("the Vessel"). *Id.*

18. The Renewal Questionnaire listed Jahrian Wayde Tafari McKinney and Forest Speaks as the Vessel's Named Operators. *Id.*

19. Thereafter, Insurers issued a marine insurance policy to Destiny Ventures, Policy No. CSRYP/2506770, with effective dates of November 27, 2025, to November 27, 2026 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

20. The Insurers issued the Policy relying on the information Destiny Ventures provided in the Renewal Questionnaire.

21. The Policy identifies Jahrian Wayde Tafari McKinney and Forest Speaks as the Vessel's Named Operators. *Id.*

22. On March 9, 2026, Destiny Ventures delivered an additional operator form to the Insurers submitting Elerio Morales for approval as a third Named Operator. A true and correct copy of the March 9, 2026, additional operator form is attached hereto as **Exhibit C.**

23. Also on March 9, 2026, the Insurers issued Endorsement No. 1 to the Policy approving Elerio Morales as an additional operator of the Vessel. A true and correct copy of Endorsement No. 1 to the Policy is attached hereto as **Exhibit D.**

24. On May 23, 2026, the Vessel was navigating in or on the Miami River when it came into contact with a seawall and another vessel (the "Incident"). A true and correct copy of the Notice of Claim is attached hereto as **Exhibit E.**

25. At the time of the Incident, Andres Raul Oliva was operating the Vessel. A true and correct copy of Oliva's post-loss statement is attached hereto as **Exhibit F.**

26. At the time of the Incident, neither Jahrian Wayde Tafari McKinney, Forest Speaks or Elerio Morales were on board or operating the vessel. *See* Exh. B at p. 1.

27. Florida's Fish and Wildlife Conservation Commission ("FWC") responded to the Incident.

28. FWC cited Oliva for Careless Operation of a Vessel due to the Incident. A true and correct copy of the FWC Citation No. V86715, is attached hereto as **Exhibit G.**

29. The Vessel suffered damage from the impact, for which Destiny Ventures is seeking compensation from Insurers.

30. M/V *Opus*, the other vessel with which the Vessel collided , also suffered damages for which the owner is seeking compensation from Insurers.

31. One of the crewmembers aboard M/V *Opus* allegedly suffered injuries.

32. Destiny Ventures reported the loss to Insurers on May 26, 2026. *See* Exh. E.

33. M/V Opus' owner has made a claim against the Insurers for damages caused by the Incident.

34. Grasshopper has been named in this lawsuit as an intended third-party beneficiary, as it is named as a loss payee under the Policy.

35. Grasshopper's rights under the Policy are otherwise derivative, and Grasshopper's rights under the Policy follow those enjoyed by Destiny Ventures.

36. First Insurance has been named in this lawsuit as an intended third-party beneficiary, as it is named as a loss payee under the Policy.

37. First Insurance's rights under the Policy are otherwise derivative, and Grasshopper's rights under the Policy follow those enjoyed by Destiny Ventures.

**COUNT I – BREACH OF THE NAMED OPERATOR WARRANTY**

38. The Insurers readopt and reallege the allegations contained in paragraphs 1-37 of the Complaint as if more fully set forth at length herein.

39. As of the date of the Incident, Destiny Ventures had identified Jahrian Wayde Tafari McKinney, Forest Speaks and Elerio Morales as the Vessel's Named Operators. *See* Exhs. A through D.

40. The Policy's General Condition & Warranties paragraph xxiii. contains the Named Operator Warranty, which states:

> **xxiii.** It is warranted that the Scheduled Vessel will be operated only by Covered Persons. However, in the event of an incident occurring when the Scheduled Vessel is being operated by any person other than a Covered Person, that may give rise to a claim under this Insuring Agreement, You have a period of seven days following such an incident to submit details of the operator for retroactive approval by Us.

*See* Exh. B**,** at p. 18.

41. The Policy defines "Covered Person" as "You, and/or any person detailed on Your application form which has been submitted by You and approved by Us, provided that person has been declared to Us in writing as an operator of the Scheduled Vessel." *Id.,* p. 4.

42. At the time of the Incident, Andres Raul Oliva was operating the Vessel. *See* Exh. F.

43. Oliva was not a Covered Person or Named Operator in the Policy. *See* Exh. B, D.

44. Destiny Ventures did not submit Oliva's details to the Insurers for approval as a Named Operator or Covered Person before or on the date of the Incident.

45. Destiny Ventures did not submit Oliva's details to the Insurers for retroactive approval as a Covered Person or Named Operator within seven days after the Incident, as provided for under the Policy.

46. Pursuant to the Policy's General Conditions & Warranties paragraph xix., any breach of warranty operates to void the Policy from its inception. *See* Exh. B at p. 16.

47. Under the law of New York, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

48. As a result of Destiny Ventures' failure to submit Oliva's details to the Insurers for approval, either prior to the Incident or within the seven day period following the Incident, Destiny Ventures breached the Named Operator Warranty under the Policy.

49. Accordingly, pursuant to General Conditions & Warranties paragraph xix., the Policy is void from its inception.

WHEREFORE, Insurers respectfully request this Honorable Court to adjudge and declare that Destiny Ventures breached general condition xxiii. of the Policy, such that there is no coverage

for the subject loss and the Policy is void from its inception. Insurers further request any further relief that the Court deems just and appropriate under the circumstances.

**COUNT II – BREACH OF MULTIPLE OPERATOR WARRANTY**

50. Insurers readopt and reallege the allegations contained in paragraph 1-37 as if more fully set forth at length herein.

51. The Policy warrants that “a minimum of two Named Operators must be on board whenever the Scheduled Vessel is navigating.” *See* Exh. B at p. 2.

52. Pursuant to general condition xix. of the Policy, “Where any term herein is referred to as a ‘warranty’ or where any reference is made herein to the word ‘warranted’, the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception.” *See* Exh. B. at p. 16 .

53. At the time of the Incident the Policy, including Endorsement No. 1, listed three named operators: Jahrian Wayde Tafari McKinney; Forest Speaks, and Elerio Morales. *Id.* at p. 1.

54. Neither Jahrian Wayde Tafari McKinney; Forest Speaks, or Elerio Morales were on board the Vessel at the time of the Incident.

55. As a result, Destiny Ventures breached the multiple operator warranty, which required a minimum of two named operators to be on board at all times during vessel navigation.

56. Under New York law, which governs the construction of the warranty in the absence of federal maritime law, express warranties in marine insurance policies are strictly construed, and breach of such a warranty voids coverage irrespective of any causal relationship with the loss.

57. Destiny Ventures breached the multiple operator warranty, which voids the Policy from its inception.

WHEREFORE, Insurers respectfully request this Honorable Court to adjudge and declare that Destiny Ventures breached the Policy's named operator warranty and the Policy's multiple operator warranty, such that there is no coverage for the subject loss and the Policy is void from its inception. Insurers further request any further relief that the Court deems just and appropriate under the circumstances.

Dated: September 23, 2026.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Insurers*
100 NE Third Avenue, Suite 440
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Hector E. Valdes-Ortiz
Florida Bar No. 098152
hev@davantlaw.com